IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANTAVIUS PARKS, | : | |
| Petitioner | : | |
| VS. | : | 1 : 07-CV-38 (WLS) |
| BRUCE CHATMAN, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). This federal petition was executed on February 14, 2007.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was convicted of armed robbery in May 2001 in the Superior Court of Dougherty County. His conviction was affirmed on appeal on August 9, 2002. On July 31, 2003,

the petitioner filed a state habeas petition, which was denied. However, the Supreme Court of Georgia granted petitioner's application for a certificate of probable cause to appeal and remanded the petition to the state court for further review. The state court again denied the petition on October 10, 2006, and the petitioner did not pursue further relief in the state court system. Petitioner executed this federal petition on February 14, 2007.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The petitioner's conviction became final on August 19, 2002, the date on which the time for filing further appellate review expired. As the respondent points out, the petitioner had ten (10) days from the date of the appellate decision affirming his conviction in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court, and the petitioner did neither. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year, or 365 days, from August 19, 2002, in which to file this federal petition, and/or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was filed on July 31, 2003, tolling the one-year limitations period 346 days after this period had begun. Following the completion of collateral review on November 9, 2006, and the tolling of the limitations period thereby ceased, the petitioner waited an additional 97 days, or until February 14, 2007, to execute this federal petition, for a total period of 443 days.

In his response to the respondent's motion to dismiss, the petitioner states only that the motion should be denied, in that the one year limitations period did not begin until he had exhausted his state court rights. Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties

may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of December, 2007.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb